# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1369

———————

Gladys Hoag; Retha Kappelman,     *
                            *

          Appellants,          *

                            *    Appeal from the United States
     v.                          *    District Court for the
                            *    Eastern District of Arkansas.

Arkansas State Highway &         *
Transportation Department; Joe     *        [UNPUBLISHED]
Barnett, District Engineer, in his   *
official and individual capacity; Dan   *
Flowers, Director of Highways and   *
Transportation, in his official and    *
individual capacity; Jerry Phillips,    *
Highway Foreman, in his official and   *
individual capacity,             *
                            *
          Appellees.           *

———————

Submitted: April 20, 2006
Filed: May 1, 2006

———————

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Gladys Hoag and Retha Kappelman (collectively appellants) appeal the district court's[1] adverse grant of summary judgment in their action against the Arkansas State Highway and Transportation Department and three of its employees, alleging sex discrimination in violation of 42 U.S.C. § 1983 and disability discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 794. We affirm.

Based on our de novo review, see Simpson v. Des Moines Water Works, 425 F.3d 538, 541 (8th Cir. 2005) (standard of review), the district court did not err in granting summary judgment. As to their discriminatory-discharge claims, appellants did not offer evidence they were qualified for their positions, a necessary element of prima facie discrimination cases. See Grabovac v. Allstate Ins. Co., 426 F.3d 951, 955 (8th Cir. 2005) (elements of prima facie sex-discrimination case); M.P. v. Indep. Sch. Dist. No. 721, 326 F.3d 975, 981-82 (8th Cir. 2003) (elements of prima facie disability-discrimination case). As the district court noted, appellants failed to reconcile their discrimination and accommodation claims–specifically, that they were "otherwise qualified" to perform the essential functions of their respective jobs–with their receipt of Social Security disability benefits, as they were required to do. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999) (plaintiff cannot simply ignore apparent contradiction between sworn assertion in Social Security disability application of inability to work and claim that she is qualified to perform essential functions of job); see also Gilmore v. AT&T, 319 F.3d 1042, 1047 (8th Cir.) (because plaintiff failed to reconcile statement of inability to work on application for disability benefits with disability-discrimination claim, district court properly concluded that plaintiff was not qualified individual), cert. denied, 540 U.S. 955 (2003).

---

[1]The Honorable William R. Wilson, Jr., United States District Court Judge for the Eastern District of Arkansas.

As to their hostile-work-environment claims, appellants failed to offer evidence of harassment that was "sufficiently severe or pervasive to create an objectively hostile work environment." See Wright v. Rolette County, 417 F.3d 879, 885 (8th Cir. 2005), cert. denied, 126 S. Ct. 1338 (2006).

As to their reasonable-accommodation claim, contrary to their argument, the district court properly applied the modified burden-shifting analysis of Peebles v. Potter, 354 F.3d 761, 766 (8th Cir. 2004). Also, contrary to their argument, the district court did not err in failing to apply Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003). See Simpson, 425 F.3d at 542 n.4 (Desert Palace is relevant to mixed-motive jury instructions, not summary judgment analysis).

Accordingly, we affirm.

_____